IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY LEE JONES,

    Petitioner,               No. 2:12-cv-3015 KJM CKD P

    vs.

M.D. BITER,

    Respondent.          ORDER DENYING STAY

/

        Petitioner, a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At issue is his conviction in the Sacramento County Superior Court, case number 07F01802, on the charge of shooting at an occupied vehicle with accompanying firearm and gang enhancements for which he was sentenced to an aggregate term of forty years to life in state prison. Petitioner has filed a motion requesting the court to stay his petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005), so that he can exhaust two additional claims in state court. Respondent opposes the motion.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each claim presented. See Rose v. Lundy, 455 U.S. 509 (1982). The United States

1

Supreme court has repeatedly stated that a prisoner must first exhaust state court remedies before seeking to overturn a state-court conviction in federal court. See Harbison v. Bell, 556 U.S. 180, 189-90 (2009) ("State habeas is not a stage 'subsequent' to federal habeas. Just the opposite: Petitioners must exhaust their claims in state court before seeking federal habeas relief."); Rose, 455 U.S. at 520 ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you have first taken each one to state court.").

In Rhines v. Weber, the United States Supreme Court held that in some limited circumstances a district court may stay a mixed federal petition containing both exhausted and unexhausted claims and allow a petitioner to return to state court to exhaust additional claims. Rhines, 544 U.S. 269, 277-78 (2005). In order for a stay of a mixed petition to issue under Rhines, a petitioner must show good cause[1] for not first exhausting all claims in state court and also that the unexhausted claims are not plainly meritless. Id. A court should also consider whether the petitioner has been intentionally dilatory in pursuing the litigation. Id. at 278.

Here, petitioner wishes to return to state court to fully exhaust two additional claims and then amend his federal petition to include the presently unexhausted claims. Petitioner's two unexhausted claims are as follows: (1) the state court committed prejudicial error by excluding evidence of third-party culpability in violation of petitioner's right to present a complete defense; and (2) trial counsel rendered ineffective assistance in failing to put on the record that petitioner "did not outright reject the plea deals for 15 and 27 year(s), but instead, stressed that he needed to think about the plea offers." (Dkt. No. 11 at 1-2).

Petitioner has not shown that a Rhines stay is appropriate in this case. As to the first unexhausted claim, petitioner asserts that he was unaware that appellate counsel did not

---

[1] "Good cause" under Rhines is not clearly defined, but the Ninth Circuit has held that it requires something less than a showing of "extraordinary circumstances." See Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).

raise this claim as part of the petition for review in the California Supreme Court. First, as respondent notes, the record reflects that petitioner was served with a copy of the petition for review filed by counsel on petitioner's behalf. (Lodged Document ("LD") 14.)[2] In addition, the Ninth Circuit has previously rejected a similar argument for good cause by a petitioner who was "under the impression" that counsel had included all of the issues raised before the California Court of Appeal in his petition before the California Supreme Court. The Ninth Circuit explained:

> To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-obey orders routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances."

Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008). The reasoning of Wooten is dispositive here, too, and petitioner's explanation that he thought counsel raised this issue does not establish good cause for failing to exhaust the first unexhausted claim. Id. In addition, plaintiff's vague and conclusory description about the excluded third-party culpability evidence[3] fails to demonstrate that this claim potentially has merit.

As to the second unexhausted claim, petitioner states that he discovered this potentially meritorious claim after the United States Supreme Court issued its decisions in Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S.Ct. 1399 (2012). Petitioner then

---

[2] See Respondent's Notice of Lodging Documents in Paper (Dkt. No. 14).

[3] Plaintiff alleges "the trial court committ[ed] prejudicial-error, by improperly excluding [third-party guilt evidence], in which, a third-party threatened a prosecution-witness, on the belief, that she was "snitching" and threatened to shoot her, exactly, how the victim of the case, was shot [*sic*]." Petitioner does not identify the declarant who allegedly made the threat or the prosecution witness involved.

3

1  "immediately addressed these federal issues in state court" in a petition filed on March 1, 2013.
2  (Dkt. No. 11 at 6.)  However, petitioner states that his previous petition for review to the
3  California Supreme Court had already been denied on November 14, 2011, creating a January 14,
4  2013 deadline under AEDPA to file his federal petition.  Petitioner then initiated his federal
5  petition without including the second unexhausted claim so as not to risk missing the AEDPA
6  deadline.  (Id.)

7  Supreme Court precedent creating a newly recognized right that applies
8  retroactively on collateral review could suffice for a showing of good cause for a petitioner's
9  failure to first exhaust a claim in state court.  The cited cases, however, did not create a newly
10 recognized right applicable to petitioner's case.  In Lafler, trial counsel rendered ineffective
11 assistance by deficiently advising the petitioner to reject a plea offer and proceed to trial.  Lafler,
12 132 S. Ct. at 1391.  In Frye, trial counsel deficiently failed to communicate a written plea offer to
13 the defendant prior to the offer's expiration.  Frye, 132 U.S. at 1408.  Here, however, petitioner
14 was informed of the relevant plea offers by counsel but claims that counsel performed deficiently
15 in failing to make a record that petitioner was "considering" those offers.  To any extent
16 petitioner had a right for counsel to make a record that petitioner was considering plea offers, that
17 right was not newly created in Frye or Lafler.  Thus, it cannot be said that petitioner could not
18 have known of the legal basis for his claim prior to the Supreme Court's issuance of Frye and
19 Lafler.  Rather, at best, petitioner's argument appears to be that he was ignorant of the legal basis
20 for his second unexhausted claim until he read the Lafler and Frye cases.

21 Respondent persuasively argues that the Ninth Circuit's guidance in Wooten,
22 discussed above, weighs against a finding that good cause can be based on ignorance of the law
23 because such a finding "would render stay-and-abey orders routine" and thus, "would run afoul
24 of Rhines and its instruction that district courts should only stay mixed petitions in 'limited
25 circumstances.'"  Wooten, 540 F.3d at 1024; see also, e.g., Daly v. McEwen, No. CV 11-1818
26 AHM (DTB), 2011 WL 4964449 at *4 (C.D. Cal. Oct. 19, 2011) (holding that petitioner's

alleged ignorance of the law did not constitute good cause to warrant a <u>Rhines</u> stay). Moreover, as discussed, neither <u>Frye</u> nor <u>Lafler</u> support the ineffective assistance claim petitioner wishes to present. Thus he also has not shown that his second unexhausted claim is potentially meritorious.

In sum, petitioner has not shown good cause for his failure to exhaust the two additional claims in state court prior to filing his federal petition and has not shown that the two claims potentially have merit. These do not constitute the "limited circumstances" under which a <u>Rhines</u> stay is warranted.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's April 8, 2013 motion for a <u>Rhines</u> stay (Dkt. No. 11) is DENIED.

Dated: May 17, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
jone3015.rhines